# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL J. MANAFORT, Jr.<br>10 St. James Drive<br>Palm Beach Gardens, Florida 33418<br><br>   *Plaintiff,*<br> v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br><br>  and<br><br>ROD J. ROSENSTEIN,<br>*in his official capacity as*<br>ACTING ATTORNEY GENERAL,[1]<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br><br>  and<br><br>ROBERT S. MUELLER III,<br>*in his official capacity as*<br>SPECIAL COUNSEL<br>Office of Special Counsel<br>395 E Street, S.W.<br>Washington, D.C. 20024<br>  and<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br><br>   *Defendants.*<br><br>FREEDOM WATCH, Inc.<br>2020 Pennsylvania Avenue, N.W. Suite 345<br>Washington, D.C. 20006<br><br>   *Proposed Intervenor* | Civil Action Number:<br>**18-cv-11**<br><br>Before Judge Amy Berman Jackson<br><br>**FREEDOM WATCH INC'S MOTION TO INTERVENE** |

---

[1]   Presumably the Plaintiff refers to Rod Rosenstein as Acting Attorney General within the scope of Attorney General Jeff Session's recusal in topics relevant to these matters.

## MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FREEDOM WATCH'S MOTION TO INTERVENE

**I.  INTRODUCTION**

Intervenor Freedom Watch, Inc., ("Freedom Watch") respectfully moves this Court to grant its intervention in this case pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 24 (b)(1)(B) on the grounds that Freedom Watch's lawsuit shares common issues of fact with this instant action. Both Freedom Watch's action and this instant action seek to have Special Counsel Robert Mueller ("Mr. Mueller") removed on the grounds that he has acted improperly and exceeded and violated his authority as Special Counsel.

**II.  GOVERNING LAW**

Federal Rules of Civil Procedure (FRCP) Rule 24 governs intervention by additional parties in existing litigation in the federal courts:

Rule 24. Intervention:

(b) PERMISSIVE INTERVENTION.
(1) *In General.* On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

**III.  STATEMENT OF RELEVANT FACTS**

Freedom Watch filed an action under 28 U.S.C. §1361 seeking a writ of mandamus ordering that the U.S. Department of Justice and Federal Bureau of Investigation investigate the torrent of alleged illegal leaks involving the grand jury proceedings for Mr. Mueller's investigation into Russian collusion in the 2016 Presidential election as well as the conflicts of interest of Mr. Mueller and his staff, and mete out appropriate discipline, including but not

limited to the removal of Mr. Mueller and his staff.[2] Freedom Watch's action is currently pending in the U.S. Court of Appeals for the District of Columbia Circuit.

Similarly, the Plaintiff here, Mr. Paul Manafort ("Mr. Manafort"), seeks a declaratory judgment that Mr. Mueller's prosecution of the Mr. Mueller is unlawful and *ultra vires* because the regulations of the U.S. Department of Justice ("DOJ") governing the authority and activities of a special prosecutor do not convey authority to prosecute so far outside the scope of, and irrelevant to, the matters that the special prosecutor was appointed to investigate. Mr. Mueller was appointed as Special Counsel on May 17, 2017, by Deputy Attorney General Rod Rosenstein for the sole purpose of investigating "any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump…."[3] However, Mr. Mueller has gone far beyond the scope of his appointment, investigating and prosecuting Mr. Manafort for alleged crimes that occurred well before the 2016 Presidential election and before any association with President Trump. As such, the ultimate relief sought by Mr. Manafort is also the removal of Mr. Mueller as Special Counsel.

Lastly Freedom Watch's matter was before the Honorable Amy Berman Jackson ("Judge Jackson") before it was sent up on appeal. Mr. Manafort's matter has now been transferred to Judge Jackson as well. Therefore, Judge Jackson already has familiarity with both cases.

## IV. ARGUMENT

### A. Intervenor Shares Common Questions of Law or Fact with Main Action

Pursuant to FRCP Rule 24(b)(1)(B):

(b) PERMISSIVE INTERVENTION.

---

[2] *Freedom Watch, Inc. v. Sessions, et al*, 17-cv-2459 (DDC).
[3] Rod Rosenstein, *Appointment of Special Counsel To Investigate Russian Interference With The 2016 Presidential Election And Related Matters*, May 17, 2017, available at: https://www.justice.gov/opa/press-release/file/967231/download.

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

\* \* \*

(B) has a claim or defense that shares with the main action a common question of law or fact.

Mr. Manafort and Freedom Watch both ultimately seek the removal of Mr. Mueller and his staff as Special Counsel on the grounds that they have they have acted improperly and illegally. Specially Mr. Manafort seeks removal on the grounds that Mr. Mueller's investigation and prosecution has far exceeded the scope of his appointment, and Freedom Watch seeks removal on the grounds that Mr. Mueller and his staff have intentionally leaked confidential information regarding his grand jury proceedings and have inherent and irreparable conflicts of interest.

### B. "Stage of the Proceeding"

Pursuant to FRCP Rule 24(b)(3), the Plaintiff's case, the instant case at bar, was just filed on January 3, 2018. Therefore, the case is just at its beginning. Presumably, the Defendants herein have not yet been served.  No answer or responsive pleading has yet been filed.  No action or decision has yet been entered in the case.

### C. The "Reason for and Length" of any Delay

Pursuant to FRCP Rule 24(b)(3), no delay is present, as explained in the foregoing subsection (B), *supra*.

### V. CONCLUSION

Based on the foregoing, Freedom Watch respectfully requests that this Court grant Freeodom Watch leave to intervene in Mr. Manafort's action, on the grounds that both actions share clear commonality of fact and law. Even more, both cases are at the pinnacle of national importance, as they both raise implications as to the integrity and fairness of the judicial process, and are thus in the public interest. Freedom Watch is a 501(c)(3) public interest foundation and

4

government ethics watchdog.

Indeed, it is telling that Mr. Mueller is being defended in Mr. Manafort's action by U.S. Department of Justice ("DOJ") attorneys, notably from the Federal Programs Branch, all at taxpayer expense. This creates the appearance that Attorney General Jeff Sessions and Deputy Attorney General Rod Rosenstein have been disingenuous, given the fact that they should have, *sua sponte*, pursuant to their legal, professional, and ethical duties, investigated the claims against Mr. Mueller and his staff, as well as revoke Mr. Mueller's authority to prosecute Mr. Manafort. Instead, however, they have chosen to defend Mr. Mueller without any legal or factual basis to do so. The Federal Programs Branch of the DOJ does not consent, and Plaintiff's counsel, who have been contacted email and by telephone three times (four times combined), have not as of yet responded to Freedom Watch.

WHEREFORE, Freedom Watch respectfully requests that its intervention by granted forthwith.

**Dated**: January 23, 2018

                                              RESPECTFULLY SUBMITTED,
                                              FREEDOM WATCH, INC., By Counsel

                                              */s/  Larry Klayman*
                                              Larry Klayman, Esq.
                                              Washington, D.C. Bar No. 334581
                                              Freedom Watch, Inc.
                                              2020 Pennsylvania Avenue N.W. , Suite 345
                                              Washington, D.C. 20006
                                              (310) 595-0800
                                              Email:  leklayman@gmail.com

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 23rd day of January, 2018, a true copy of the foregoing Proposed Intervenor's Memorandum of Law in Support of Intervenor Freedom Watch, Inc.'s Motion to Intervene have been served via the Court's ECF system to all counsel of record.

              */s/ Larry Klayman*
              Larry Klayman, Esq.