**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAUL J. MANAFORT, JR., | |
| *Plaintiff,* | |
| v. | No. 1:18-cv-00011-ABJ |
| U.S. DEPARTMENT OF JUSTICE, ROD J. ROSENSTEIN, and ROBERT S. MUELLER III, | |
| *Defendants.* | |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE BY FREEDOM WATCH INC.

Freedom Watch Inc. has filed a motion to intervene in the above-captioned matter, apparently in an effort to bring claims against Defendants that Freedom Watch is also pursuing in a separate case—a case that this Court previously dismissed for lack of standing, and which Freedom Watch has now appealed to the D.C. Circuit. *See Freedom Watch, Inc. v. Sessions*, No. 17-cv-2459-ABJ, --- F. Supp. 3d ----, 2017 WL 6547732 (D.D.C. Dec. 20, 2017), *appeal docketed*, No. 17-5288 (D.C. Cir.). Because Freedom Watch is already pursuing its claims as a named plaintiff in a separate action, that is reason enough to deny Freedom Watch's request for intervention to pursue the same claims here.

Even were the Court inclined to consider Freedom Watch's request, moreover, the request should be denied because Freedom Watch does not satisfy the requirements for permissive intervention set forth in Federal Rule of Civil Procedure 24(b). As this Court has already concluded, Freedom Watch does not itself possess Article III standing to pursue its claims, nor do those claims set forth a cognizable claim for relief. Furthermore, Freedom Watch's claims do not

share "a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), with the claims alleged in

Plaintiff's Complaint here.  Finally, even if Rule 24(b)'s requirements were otherwise satisfied,

this Court should nonetheless exercise its discretion to deny intervention because allowing an

additional party to join this action would threaten to unnecessarily complicate the proceedings.

Accordingly, Freedom Watch's motion to intervene should be denied.

## BACKGROUND

On November 15, 2017, Freedom Watch Inc., represented by Larry Klayman, filed a

lawsuit seeking a writ of mandamus against various defendants at the Department of Justice.  *See*

*Freedom Watch, Inc. v. Sessions*, No. 17-cv-2459-ABJ (D.D.C.).  The Complaint sought to compel

an investigation into leaks allegedly emanating from the office of Special Counsel Robert S.

Mueller III.  Specifically, the complaint's Prayer for Relief sought:

> A writ of mandamus compelling Defendants to conduct an immediate, thorough
> investigation into [the] torrent of leaks coming from Mr. Mueller and his staff, as
> well as unethical conflicts of interest, pertaining to the Mueller Investigation and
> an order compelling Mr. Sessions and the USDOJ to order the removal of Mr.
> Mueller and his staff from the investigation when the investigation reveals that the
> leaks did originate from Mr. Mueller and his staff.

*See id.*, Compl. (ECF No. 1) at 13.

On December 20, 2017, the Court dismissed Freedom Watch's lawsuit for lack of standing.

*See Freedom Watch, Inc.*, 2017 WL 6547732, at *2 ("[P]laintiff has not . . . set forth any facts that

would establish that it or any of its members . . . has suffered an invasion of a legally protected

interest that is concrete and particularized, and actual or imminent.").  Freedom Watch noticed an

appeal of that decision, and the case is now pending before the United States Court of Appeals for

the District of Columbia Circuit.  *See Freedom Watch, Inc. v. Sessions*, No. 17-5288 (D.C. Cir.).

In this civil action, Plaintiff Paul J. Manafort Jr.'s Complaint alleges two claims: (1) that

the Special Counsel's appointment was invalid; and (2) that Manafort's prosecution by the Special

Counsel is outside the scope of the Special Counsel's jurisdiction.  *See generally* Compl. (ECF No. 1) ¶ 11.  On January 23, 2018, Freedom Watch Inc., again represented by Mr. Klayman, filed a motion seeking to intervene in this case.  *See* ECF No. 9.  Specifically, Freedom Watch seeks to intervene pursuant to Rule 24(b)(1)(B), which allows for "permissive intervention" when the putative intervenor "has a claim or defense that shares with the main action a common question of law or fact."  *See* Fed. R. Civ. P. 24(b)(1)(B).  Freedom Watch's motion appears to seek intervention in order to pursue the same claims in this action that it is simultaneously pursuing in the separately filed action, now pending before the D.C. Circuit.  *See* Mot. to Intervene (ECF No. 9) at 4 (requesting permission "to intervene in Mr. Manafort's action, on the grounds that both actions share clear commonality of fact and law.").

On February 2, 2018, the Government moved to dismiss Manafort's Complaint for failure to state a claim upon which relief can be granted.  *See* ECF No. 16.  The Government now files this opposition to Freedom Watch's motion to intervene.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(b) governs permissive intervention, and provides that the Court "may permit" a person to intervene who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  In deciding whether to permit intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Additionally, the party seeking intervention must file a motion "accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).

"Permissive intervention is inherently discretionary, and a court may deny a motion for permissive intervention even if the movant has met all of the requirements of Rule 24(b)."  *Love v. Vilsack*, 304 F.R.D. 85, 89 (D.D.C. 2014) (citation omitted), *aff'd*, No. 14-5185, 2014 WL

6725758 (D.C. Cir. Nov. 18, 2014).   When seeking intervention under Rule 24(b)(1)(B), "the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

## ARGUMENT

Freedom Watch's request for permissive intervention suffers from numerous defects, any one of which is an independent and sufficient basis for this Court to deny the motion.

**1.**  Freedom Watch argues that it should be permitted to intervene because it has filed a separate civil action that purportedly shares a common question of law or fact with Manafort's Complaint.  *See* Mot. to Intervene at 2-3.  As an initial matter, Freedom Watch has failed to comply with Rule 24(c)—requiring that a motion for intervention "be accompanied by a pleading that sets out the claim or defense for which intervention is sought"—which therefore makes it difficult to discern the precise claim(s) that Freedom Watch seeks to advance here.  *Cf. Brown v. Colegio de Abogados de Puerto Rico*, 277 F.R.D. 73, 76 (D.P.R. 2011) (denying intervention for failure to attach a pleading because "[t]he requirements under Rule 24(c) are mandatory").

Assuming that Freedom Watch seeks to pursue the claims alleged in the Complaint filed in its separate civil action, however, there is no basis for permitting intervention here.  Freedom Watch cannot simultaneously pursue identical claims in two separate actions—*i.e.*, in both an independent action that has already been dismissed and is now pending before the D.C. Circuit, and also as a third-party intervenor in the present action.  *See Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980) ("[A] plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."); *see also, e.g.*, *State of Ill. v. Bristol-Myers Co.*, 470 F.2d 1276, 1279 (D.C. Cir. 1972)

-4-

(affirming denial of permissive intervention because the putative intervenor "has adequate remedy" in the form of a separate pending lawsuit); *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1124-25 (6th Cir. 1989) ("a charge of abuse of discretion in the denial of a motion for permissive intervention appears to be almost untenable on its face when an appellant has other adequate means of asserting her rights," such as having "filed a separate complaint" that "is substantially similar to her proposed intervenor complaint"). Thus, Freedom Watch's motion should be denied because Freedom Watch is already actively pursuing its claims in a separate case now pending before the D.C. Circuit.

    **2.** Even if the Court considered Freedom Watch's motion, it should be denied because it fails to meet the requirements of Rule 24(b). For one thing, a putative intervenor must itself possess Article III standing to pursue its claims. *See Nat'l Children's Ctr., Inc.*, 146 F.3d at 1046-47; *see also Keepseagle v. Vilsack*, 307 F.R.D. 233, 245 (D.D.C. 2014) (holding that a putative intervenor's "lack of standing also dooms their request for permissive intervention" (citing *Deutsche Bank National Trust Co. v. FDIC*, 717 F.3d 189, 193 (D.C. Cir. 2013)).

    This Court has already properly concluded that Freedom Watch lacks Article III standing to pursue the claims alleged in its separate action. *See Freedom Watch, Inc.*, 2017 WL 6547732, at *1 (concluding that "plaintiff lacks standing to bring this action" and therefore "dismiss[ing] the complaint for lack of subject-matter jurisdiction"). This Court has also properly concluded that Freedom Watch has no entitlement to mandamus relief for those claims. *See id.* at *3. Thus, Freedom Watch does not meet the requirements for permissive intervention to further pursue those claims. *Cf. Williams & Humbert Ltd. v. W. & H. Trade Marks (Jersey) Ltd.*, 840 F.2d 72, 75 (D.C. Cir. 1988) ("An application to intervene should be viewed on the tendered pleadings—that is, whether those pleadings allege a legally sufficient claim or defense[.]").

Moreover, Freedom Watch also has not demonstrated that its claims actually share "a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  As Freedom Watch describes its claims, they seek to compel an investigation regarding "the torrent of alleged illegal leaks involving the grand jury proceedings for Mr. Mueller's investigation into Russian collusion in the 2016 Presidential election as well as the conflicts of interest of Mr. Mueller and his staff[.]"  Mot. to Intervene at 2.  Manafort's Complaint, however, has nothing to do with alleged "leaks" or alleged conflicts of interest involving the Special Counsel or his staff.  *See generally* Compl. ¶¶ 51-67.  Indeed, Freedom Watch's own motion highlights the differences between the claims.  *See* Mot. to Intervene at 4 (describing Manafort's claims as arguing "that Mr. Mueller's investigation and prosecution has far exceeded the scope of his appointment," whereas Freedom Watch's claims argue that "Mr. Mueller and his staff have intentionally leaked confidential information regarding his grand jury proceedings and have inherent and irreparable conflicts of interest").  While Freedom Watch and Manafort may both be suing some of the same defendants, and potentially even seeking some of the same relief, the underlying claims do not share common questions of law or fact, and therefore intervention would be inappropriate.

**3.**  Finally, in deciding a motion for permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Here, although this case is at a relatively early stage of the proceedings, there is good reason to suspect that allowing an additional party to participate would delay, or at least complicate, resolution of the matter.  Other courts have noted that counsel for Freedom Watch has complicated proceedings in the past.  *See generally In re Bundy*, 840 F.3d 1034, 1049 (9th Cir. 2016).  And Defendants here have moved expeditiously, filing a motion to dismiss less than a month after the Complaint was initially filed.  *See* ECF No. 16.  Allowing an

additional party to intervene could cause unnecessary delays or complications in these proceedings, and Defendants therefore respectfully request that Freedom Watch's motion to intervene be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Freedom Watch's motion to intervene.

Dated: February 6, 2018                                Respectfully submitted,

JOHN R. TYLER
Assistant Director

*/s/ Daniel Schwei*
DANIEL SCHWEI (N.Y. Bar)
Senior Trial Counsel
ANJALI MOTGI (TX Bar No. 24092864)
Trial Attorney
United States Department of Justice
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel: (202) 305-8693
Fax: (202) 616-8470
Daniel.S.Schwei@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

PAUL J. MANAFORT, JR.,

       *Plaintiff,*

   v.

U.S. DEPARTMENT OF JUSTICE, ROD J. ROSENSTEIN, and ROBERT S. MUELLER III,

       *Defendants.*

No. 1:18-cv-00011-ABJ

---

### [Proposed] ORDER

  Upon consideration of Freedom Watch Inc.'s motion to intervene, Defendants' opposition memorandum, and any additional responses or replies thereto, it is hereby **ORDERED** that Freedom Watch Inc.'s motion is **DENIED**.

  **SO ORDERED.**


Dated: _____      _____
              AMY BERMAN JACKSON
              United States District Judge