UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL J. MANAFORT, JR.,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, ROD J. ROSENSTEIN, and ROBERT S. MUELLER III,<br><br>*Defendants*. | No. 1:18-cv-00011-ABJ |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE BY DAVID ANDREW CHRISTENSON

*Pro* se litigant David Andrew Christenson has filed a motion to intervene in the above-captioned matter. The motion should be denied because it does not satisfy the requirements for intervention set forth in Federal Rule of Civil Procedure 24.

### BACKGROUND

Prior to his motion in this action, Mr. Christenson sought to intervene in the Department of Justice's criminal prosecution of Plaintiff. *See United States v. Manafort*, No. 17-cr-201-ABJ (D.D.C.), ECF No. 53 (denying leave to file and noting that "Mr. Christenson, the movant, is not a party to this case."); *see also id.*, Minute Order of Nov. 29, 2017. On January 26, 2018, Mr. Christenson moved to intervene in this civil action. *See* ECF No. 15 (Mot. to Intervene). He subsequently filed a supplemental memorandum regarding his intervention motion. *See* ECF No. 17 (Supp. Mem.).

Mr. Christenson's motion states that it seeks to "incorporate the Motion to Intervene filed by Freedom Watch/Larry Klayman on January 23rd, 2018[.]" Mot. to Intervene at 1. Mr. Christenson's motion also discusses several matters unrelated to the present civil action, *see id.*

-1-

at 1-2, and contains approximately 80 pages of exhibits, which primarily appear to be copies of documents that Mr. Christenson has sought to file in other court proceedings, *see id.* at 3-89. The Government now files this opposition to Mr. Christenson's motion to intervene.

**ARGUMENT**

To the extent Mr. Christenson simply seeks to join or support the motion to intervene previously filed by Freedom Watch Inc., *see* ECF No. 9, the Government hereby opposes such intervention for all of the reasons previously set forth in its opposition to that intervention motion. *See* ECF No. 18. To the extent the Court construes Mr. Christenson's filing as seeking intervention in his own name or on some additional basis, that request also should be denied, for several reasons.

First, Mr. Christenson has failed to comply with Rule 24(c), which requires that a motion for intervention "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Absent this pleading, it is particularly difficult to discern the precise claim(s) that Mr. Christenson seeks to advance here. Thus, the motion should be denied on this basis alone. *See Brown v. Colegio de Abogados de Puerto Rico*, 277 F.R.D. 73, 76 (D.P.R. 2011) (denying intervention for failure to attach a pleading because "[t]he requirements under Rule 24(c) are mandatory").

Second, Mr. Christenson's motion and supplemental memorandum largely discuss matters that are wholly unrelated to the Plaintiff's claims here. *See* Mot. to Intervene at 1-2; Supp. Mem. at 1-2. Even if the Court could discern the precise claim(s) that Mr. Christenson seeks to advance, therefore, those claims would not constitute "a legally protected interest in the action" as required for intervention as-of-right under Rule 24(a), *see SEC v. Prudential Sec., Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998), nor would they constitute "a claim or defense that shares with the main action a common question of law or fact" as required for permissive intervention under Rule 24(b). Similarly, Mr. Christenson's motion does not establish that he possesses Article III standing to

pursue any claims related to the various matters of public interest discussed in his motion. *See Keepseagle v. Vilsack*, 307 F.R.D. 233, 245 (D.D.C. 2014) (holding that a putative intervenor's "lack of standing also dooms their request for permissive intervention" (citation omitted)); *Jones v. Prince George's Cnty., Md.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003) ("In addition to satisfying the four elements of Rule 24" for intervention as of right, "prospective intervenors in this circuit must possess standing under Article III[.]"); *see also Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) ("[A]n intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing.").

Finally, Mr. Christenson does not satisfy any of the other elements necessary for intervention. To the extent he seeks intervention as of right, he does not explain how resolution of Plaintiff's claims "may as a practical matter impair or impede [his] ability to protect [his] interest," or how the "existing parties" are inadequate to "represent that interest." Fed. R. Civ. P. 24(a)(2); *see also Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 13 (D.D.C. 2010). And with respect to permissive intervention under Rule 24(b), Mr. Christenson's lengthy and difficult to understand filings would likely "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Because Mr. Christenson's motion does not meet the requirements for either type of intervention under the Federal Rules of Civil Procedure, Defendants respectfully request that the motion be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Christenson's motion to intervene.

Dated: February 13, 2018  Respectfully submitted,

JOHN R. TYLER
Assistant Director

-4-

        */s/ Anjali Motgi*_____
        ANJALI MOTGI (TX Bar No. 24092864)
        Trial Attorney
        DANIEL SCHWEI (N.Y. Bar)
        Senior Trial Counsel
        United States Department of Justice
        20 Massachusetts Avenue, NW
        Washington, DC 20530
        Tel: (202) 305-0879
        Fax: (202) 616-8470
        Anjali.Motgi@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL J. MANAFORT, JR., <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, ROD J. ROSENSTEIN, and ROBERT S. MUELLER III, <br><br> *Defendants*. | No. 1:18-cv-00011-ABJ |

## [PROPOSED] ORDER DENYING MOTION TO INTERVENE

Upon consideration of David Andrew Christenson's motion to intervene, Defendants' opposition memorandum, and any additional responses or replies thereto, it is hereby ORDERED that Mr. Christenson's motion is DENIED.

SO ORDERED.

Dated: _____        _____
                                                                    AMY BERMAN JACKSON
                                                                    United States District Judge