IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                                Criminal No. 17-0260
                                                                  ELECTRONICALLY FILED

       v.

KAHLIL SHELTON, DERON HOWELL

        Defendants.


**Memorandum Order on Motion to Suppress**

        Defendant Shelton has been charged with a violation of the Hobbs Act, under 18 U.S.C. Section 1951, and related offenses.  During the course of the Hobbs Act Robbery, Defendant Shelton allegedly shot the victim with a firearm.  Pending before this Court is Defendant Shelton's Motion to Suppress Identification Testimony ([doc. 60](doc. 60)), and the Government's Response thereto ([doc. 62](doc. 62)).

        The facts Defendant Shelton specifies in support of his Motion are as follows: A witness indicated to the police than an individual he knew as "B Lid" shot his friend.  "B Lid" was described as having dreadlocks.  The witness provided a phone number that he had for "B Lid," and when the police investigator requested subscriber information from Sprint relating to this number provided by the witness, he learned that the number belonged to Rayna Oliver, who is Defendant's mother.  The police investigator and the witness began searching Facebook together for Rayna Oliver, and located a Facebook page with her name.  While scrolling through Ms. Oliver's Facebook page, the witness identified Defendant Shelton in a photo thereon as the

person who shot his friend, and he is the only person on Ms. Oliver's Facebook page who has dreadlocks.

Defendant Shelton contends that the above situational facts are analogous to a "show up," where the police present a suspect before a witness and ask if that person was the perpetrator. This Court disagrees. The facts above indicate that the witness actually knew Defendant Shelton as evidenced by the fact that he presented the police investigator with a phone number for Defendant Shelton. The investigator was simply following up on investigatory clues given by the witness to learn the identification of Defendant Shelton by searching his mother's Facebook page in the presence of the witness.

As the Supreme Court explained in *Perry v. New Hampshire*, 132 S. Ct. 716, 720 (2012), the Constitution protects a defendant against a conviction based on evidence of questionable reliability, not by prohibiting introduction of the evidence, but by affording the defendant means to persuade the jury that the evidence should be discounted as unworthy of credit. Only when evidence "is so extremely unfair that its admission violates fundamental conceptions of justice," *Dowling v. United States,* 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (internal quotation marks omitted), does the Due Process Clause preclude its admission. As the Supreme Court in *Perry* held, the Due Process Clause does not require a preliminary judicial inquiry into the reliability of an eyewitness identification when the identification was not procured under unnecessarily suggestive circumstances arranged by law enforcement. *Id.*

Simply put, there is nothing to indicate on the facts alleged hereinabove, that there was anything suggestive, let alone unnecessarily so, in the fact that the witness was present while the investigator scrolled through the Facebook page. Moreover, the Government has submitted that it is not attempting to admit the Facebook photograph as an identification of Defendant Shelton.

Instead, it plans to submit testimony regarding how Shelton was developed as a suspect, including identification of his mother as the subscriber of the cell phone and the viewing of her Facebook page. The Court will admit this testimony, subject to the Government laying the proper foundation at trial. Defendant is free to cross-examine the witness thereon, but the remedy is not to exclude this evidence as unreliable and unnecessarily suggestive.

      Defendant Shelton's Motion to Suppress (doc. 60) is DENIED.

      s/ Arthur J. Schwab
      Arthur J. Schwab
      United States District Judge


cc:    All ECF Registered Counsel of Record