UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-0011 (ABJ) |
| | ) | |
| U. S. DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Freedom Watch, Inc., has moved to intervene in this case under Federal Rule of Civil Procedure 24(b)(1)(B) on the ground that the organization "has a claim or defense that shares with the main action a common question of law or fact." Freedom Watch Inc.,'s Mot. to Intervene [Dkt. # 9] ("Freedom Watch Mot."); Mot. & Mem. of Law in Supp. of Freedom Watch Mot. [Dkt. # 9] ("Freedom Watch Mem.") at 4. Defendants have opposed the motion. Defs.' Mem. in Opp. to Freedom Watch Mot. [Dkt. # 18] ("Defs.' Opp.").

Rule 24(b)(1)(B) provides that the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The use of the word "may" in this section of the rule signals that the decision of whether to permit intervention under this provision is committed to the trial court's discretion. *See EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("[P]ermissive intervention is an inherently discretionary enterprise."), quoting *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 125 n.36 (D.C. Cir. 1972). The D.C. Circuit has held that permissive intervention under Rule 24(b) may be granted in the court's discretion if the applicant presents: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or

defense that has a question of law or fact in common with the main action." *Id.*, citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

Pursuant to Rule 24(c), a motion to intervene must "be accompanied by a pleading that sets out the claim . . . for which intervention is sought." Fed. R. Civ. P. 24(c). While it is not certain that the movant has fully complied with this technical requirement, the Court will not deny the motion on that basis because it is clear from the memorandum in support of Freedom Watch's motion that the "claim" to which the movant refers is the petition for a writ of mandamus it filed against the Attorney General and others in *Freedom Watch, Inc. v. Sessions, et al.*, No. 17-cv-2459 (D.D.C. 2017). The petition asked the Court to order the Attorney General and Deputy General to investigate the Special Counsel for allegedly leaking information and then to fire him.

The problem for the movant is that while the D.C. Circuit precedent cited above requires that a Rule 24(b) motion must present "an independent ground for subject matter jurisdiction," *Freedom Watch, Inc. v. Sessions* has already been dismissed due to a *lack* of subject matter jurisdiction. *See Freedom Watch, Inc. v. Sessions*, No. 17-2459, 2017 WL 6547732, at *3 (D.D.C. Dec. 20, 2017). The motion sets forth no other basis to find that Freedom Watch "has a claim" over which this Court can exercise its authority, and therefore, the Court is bound to deny the motion.

Furthermore, it is not clear that even if the movant had standing to bring its mandamus action, the claim has a question of law or fact in common with the instant case. Plaintiff in this action challenges the legality of the order appointing the Special Counsel under the Administrative Procedure Act, and he claims that the pending indictment brought against him by the Special Counsel, *United States v. Manafort et al.*, No. 17-cr-201 (D.D.C. 2017), exceeded the authority granted in the appointment order and should be invalidated as an *ultra vires* act. *See* Compl.

[Dkt. # 1]. Freedom Watch, on the other hand, claims that the Special Counsel has engaged in a pattern of leaks that should prompt the Department of Justice to fire him. Under all of these circumstances, the Court will decline to exercise its discretion to permit the requested intervention.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE: February 14, 2018