UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAUL J. MANAFORT, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-0011 (ABJ) |
| U. S. DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

On January 26, 2018, David Andrew Christenson moved to intervene in this case. Suppl. Mot. to Intervene [Dkt. # 15]. He has not specified whether he is seeking to intervene as of right under Federal Rule of Civil Procedure 24(a) or whether he is seeking permissive intervention under Rule 24(b). But since he has specifically incorporated the motion to intervene filed by Freedom Watch, Inc. [Dkt. # 9], the Court will deem the pleading to be, like the Freedom Watch pleading, a motion under Rule 24(b). Movant filed supplemental pleadings in this case, *see* Second Suppl. Mot. to Intervene [Dkt. # 17]; Errata [Dkt. # 23], as well as a sealed request for a protective order. [Dkt. # 20]. On February 13, 2018, defendants opposed the motion to intervene. *See* Defs.' Mem. in Opp. to Mot. to Intervene [Dkt. # 19]. A reply to the opposition would have been due on February 20, 2018; to date, none has been filed.

The motion to intervene filed on January 26, 2018 was largely devoted to arguments in support of movant's position that his pleading should be docketed as part of the public record in this case. The Court has docketed the motion, so those concerns have been addressed.

With respect to the substance of movant's motion, Federal Rule of Civil Procedure 24(b)(1)(B) provides that the Court may permit anyone to intervene who "has a claim or defense

that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The use of the word "may" in this section of the rule signals that the decision of whether to permit intervention under this provision is committed to the trial court's discretion. *See EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("[P]ermissive intervention is an inherently discretionary enterprise.").

Movant's request will be denied for several reasons. First, Rule 24(c) requires that a motion to intervene must "be accompanied by a pleading that sets out the claim . . . for which intervention is sought." Fed. R. Civ. P. 24(c). While movant's submission includes some material expressing his concerns about the Special Counsel, it does not comport with Rule 24(c) since it fails to set out any claim that movant would seek to bring against any defendant, much less any claim that "shares with the main action a common question of law or fact." So the motion could be denied on that basis alone.

Second, even if a claim has been alluded to somewhere in movant's submission, the motion does not satisfy the other legal requirements of a motion to intervene. The D.C. Circuit has held that permissive intervention under Rule 24(b) may be granted in the court's discretion if the applicant presents: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Nat'l Children's Ctr., Inc.*, 146 F.3d at 1046, citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). Here, movant fails to identify the necessary independent ground for subject matter jurisdiction since he has not alleged any facts that would give rise to standing to bring a claim.

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994) (citation omitted); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). To establish subject matter jurisdiction and "to state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011), citing *Allen v. Wright*, 468 U.S. 737, 751 (1984); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

To establish constitutional standing, a plaintiff must demonstrate that (1) he has suffered an injury-in-fact; (2) the injury is "fairly traceable to the challenged action of the defendant"; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61, quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–43 (1976) (internal quotation marks and edits omitted); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180–81 (2000). To allege the first element of standing, injury-in-fact, a plaintiff must demonstrate that he has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), quoting *Lujan*, 504 U.S. at 560. To be "concrete," the injury "must actually exist," meaning that it is real, and not abstract, although concreteness is "not . . . necessarily synonymous with 'tangible.'" *Id.* at 1548–49. And to be "particularized," the injury must affect a plaintiff "in a personal and individual way." *Id.* at 1548, quoting *Lujan*, 504 U.S. at 560 n.1. Significantly for this case, a "plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74.

Because movant's stated concerns relate to every citizen's interest in ensuring that public officials adhere to the law, the Court concludes that he has not alleged facts that would give rise to standing to bring a claim, and this is another reason why the motion to intervene will be denied.

The motion to intervene and movant's other submissions will remain a part of the public record of this case, but leave to file material on the docket in the future will be denied since the Court has now ruled that movant may not join the action as a party. For that reason, and also because movant has not sought relief that this Court is empowered to grant under the auspices of this case, movant's motion to intervene [Dkt. # 15], and his request for a protective order [Dkt. # 20], are DENIED.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE: February 21, 2018