IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL J. MANAFORT, JR., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, <br><br> *Defendants*. | Civ. No. 1:18-CV-00011-ABJ <br><br> Judge Amy Berman Jackson |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING SUBJECT-MATTER JURISDICTION**

Plaintiff Paul J. Manafort, Jr. respectfully submits this supplemental memorandum in response to this Court's order of April 5, 2018, which sought briefing on subject-matter jurisdiction.[1] Count I of Mr. Manafort's Complaint presents a live controversy about whether the Special Counsel's ongoing investigation is authorized, without any need for relief in connection with pending indictments. This Court has jurisdiction to reach the merits.

**I.    COUNT I REMAINS A LIVE CONTROVERSY**

An Article III controversy existed at this case's outset. The investigatory powers the Appointment Order purports to grant the Special Counsel—powers the Acting Attorney General lacked authority to grant—target Mr. Manafort. The Special Counsel has exercised those powers to Mr. Manafort's detriment, executing multiple search warrants, including a search of his private residence, issuing subpoenas, and taking other actions with no conceivable relation to alleged coordination between the Trump campaign and Russian officials. Mr. Manafort seeks an

---

[1] Mr. Manafort also stands ready to provide additional briefing on jurisdictional issues concerning the APA, should the Court desire such briefing. Further, to the extent the Court finds any deficiencies, Mr. Manafort respectfully requests leave to amend his complaint.

order setting aside Paragraph (b)(ii) of the Appointment Order and declaring it invalid, arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law, Compl. at 17—which would provide him relief from the Special Counsel's future actions pursuant to Paragraph (b)(ii). The three elements of Article III standing—injury-in-fact, causation, and redressability—have each been met here and continue to exist.

The controversy remains live. A "case 'becomes moot only when it is ***impossible*** for a court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (emphasis added) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). A "party asserting mootness" bears a "heavy burden." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). "[S]ubsequent events" moot a case only if it is "***absolutely clear*** that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189 (emphasis added) (quoting *Concentrated Phosphate Exp. Ass'n*, 393 U.S. at 203).

The Special Counsel cannot meet the heavy burden of showing that such unauthorized investigations "could not be reasonably expected to recur." *Friends of the Earth*, 528 U.S. at 189. To the contrary, that harm is ongoing now. The Special Counsel continues to unlawfully investigate Mr. Manafort under Paragraph (b)(ii), and has recently executed a search warrant to that end. *See United States v. Manafort*, No. 1:17-cr-00201, Dkt. 253 (D.D.C. Apr. 5, 2018).

Count I seeks an order setting aside Paragraph (b)(ii). That order would give Mr. Manafort partial relief: It would not eliminate past effects, but it would prevent future *ultra vires* conduct by the Special Counsel pursuant to Paragraph (b)(ii). Even "a 'partial remedy' is 'sufficient to prevent [a] case from being moot.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996)

(quotation omitted).  Because relief on Count I would partially remedy ongoing injuries, that count remains live, without regard to the pending indictments.

## II.    COUNT I IS RIPE FOR IMMEDIATE REVIEW

The ripeness doctrine "has both constitutional and prudential facets." *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 632 (D.C. Cir. 2017).  Count I easily satisfies both aspects.

### A.    Constitutional Ripeness

Ripeness under Article III requires "that an injury in fact be certainly impending." *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996).  To meet that standard, Mr. Manafort need show only that he is "'under threat of suffering "injury in fact" that is concrete and particularized [and] the threat [is] actual and imminent, not conjectural or hypothetical.'" *Chlorine Inst., Inc. v. Fed. R.R. Admin.*, 718 F.3d 922, 927 (D.C. Cir. 2013) (quoting *Nat'l Ass'n of Home Builders v. EPA*, 667 F.3d 6, 12 (D.C. Cir. 2011)).

This case amply meets those standards:  The Special Counsel is, right now, investigating Mr. Manafort for purported crimes unrelated to alleged coordination between the Trump campaign and Russian officials.  See p. 2, *supra*.  The ongoing investigation itself—and the unlawful invasion of Mr. Manafort's privacy caused by it—is a sufficiently "concrete and particularized" injury-in-fact.  *Chlorine Inst.*, 718 F.3d at 927.  Nor is there doubt that the harm is "actual and imminent." *Id.*  That, moreover, is wholly apart from the further injury that will result if the *ultra vires* investigation becomes another *ultra vires* prosecution.

### B.    Prudential Ripeness

Count I also satisfies prudential standards.  Courts "evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).  Both factors support review here.

1. *The Case Is Fit for Judicial Decision.* Courts weighing the "fitness of an issue for judicial decision" consider "'whether [the issue] is purely legal, whether consideration of the issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final.'" *Devia v. Nuclear Regulatory Comm'n*, 492 F.3d 421, 424 (D.C. Cir. 2007) (quoting *Atl. States Legal Found., Inc. v. EPA*, 325 F.3d 281, 284 (D.C. Cir. 2003)).

Those standards, too, are amply met. Count I involves a pure question of law: It alleges that Paragraph (b)(ii) of the Appointment Order, **on its face**, exceeds the bounds of the Acting Attorney General's authority under the Special Counsel Regulations. Such "[c]laims that an agency's action is . . . contrary to law present purely legal issues." *Atl. States Legal Found.*, 325 F.3d at 284. And a "purely legal claim in the context of a facial challenge" is "'presumptively reviewable.'" *Nat'l Ass'n of Home Builders v. U.S. Army Corps. of Eng'rs*, 417 F.3d 1272, 1282 (D.C. Cir. 2005) (quotation omitted).

Likewise, it is hard to imagine a more "concrete setting" for review. *Devia*, 492 F.3d at 424. To decide Mr. Manafort's challenge to Paragraph (b)(ii), all the Court needs are the terms of the Appointment Order, the text of the Special Counsel Regulations, and the statutory provisions they implement. "No further factual development is necessary to evaluate [Mr. Manafort's] challenge." *Nat'l Ass'n of Home Builders*, 417 F.3d at 1282.

And the action under review—the issuance of the Appointment Order being challenged here—is undoubtedly final. *See* Pl.'s Mem. of Law in Opp'n to Defs.' Mot. To Dismiss, at 30-31. Agency action is final if it "mark[s] the 'consummation' of the agency's decisionmaking process" and if "legal consequences will flow" from that action. *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (quotations omitted). Here, the Appointment Order conclusively granted the Special Counsel prosecutorial authority, consummating DOJ's decision about whether to grant original

jurisdiction and the scope of the original jurisdiction it would grant. *Id.* And that conclusive action virtually guaranteed that legal consequences would follow for individuals associated with the Trump campaign—as they did in fact soon follow for Mr. Manafort, *see* Compl. ¶ 42. Because Count I challenges final agency action by raising a purely legal question in a concrete setting, it is entirely "fit[ ] . . . for judicial decision." *Nat'l Park Hosp. Ass'n*, 538 U.S. at 808.

      2.     *Postponing Review Will Cause Substantial Hardship.* The second factor—the "hardship to the parties of withholding court consideration," *Nat'l Park Hosp. Ass'n*, 538 U.S. at 808—also supports immediate review. Postponing review would impose severe hardships on Mr. Manafort. Without the relief sought by Count I, Mr. Manafort will continue to face the brunt of the Special Counsel's *ultra vires* authority, including additional search warrants, subpoenas, and possible indictments. Postponing review will thus result in onerous hardships for Mr. Manafort.

      No countervailing interest favors postponement. The "classic institutional reason to postpone review"—the "need to wait for 'a rule to be applied [to see] what its effect will be' "—has no application here because the Appointment Order's effects on Mr. Manafort are already clear. *La. Envtl. Action Network v. Browner*, 87 F.3d 1379, 1385 (D.C. Cir. 1996) (alteration in original) (quotation omitted). The Special Counsel is fervently pursuing Mr. Manafort for matters unrelated to alleged coordination with Russian officials. And "conservation of judicial resources," *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 389 (D.C. Cir. 2012), favors review: This issue is best resolved now, before more resources are poured into these matters unnecessarily.

Dated:   April 11, 2018 				Respectfully submitted,

/s/ Kevin M. Downing
Kevin M. Downing
(D.C. Bar #1013894)
Law Office of Kevin M. Downing
601 New Jersey Avenue, N.W.
Suite 620
Washington, D.C.  20001
Telephone: (202) 754-1992
Email: kevindowning@kdowninglaw.com

/s/ Thomas E. Zehnle
Thomas E. Zehnle
(D.C. Bar #415556)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W.
Suite 620
Washington, D.C.  20001
Telephone: (202) 368-4668
Email: tezehnle@gmail.com

*Counsel for Plaintiff Paul J. Manafort, Jr.*